1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DAVID JAMES PANGBORN,                     No.  2:23-cv-0825 AC P

12                Plaintiff,

13        v.                                   ORDER AND FINDINGS AND
                                               RECOMMENDATIONS
14   JEFF LYNCH, et al.,

15                Defendants.

16

17        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and

18   state law.

19        I.       Removal

20        Plaintiff initiated this action in state court.  On May 3, 2023, defendants Lynch and

21   Collinsworth filed a notice of removal under 28 U.S.C. § 1441(a).  ECF No. 1.  They

22   subsequently requested screening of the instant petition pursuant to the Prison Litigation Reform

23   Act ("PLRA"), 28 U.S.C. § 1915A(a).  ECF No. 3.

24        In addition to state tort claims, the complaint asserts claims of retaliation, failure to

25   protect, and "civil rights violation[s]."  ECF No. 1-2 at 3-5; ECF No. 1-3 at 1.  Defendants Lynch

26   and Collinsworth have consented to removal, and the action was removed within thirty days of

27   ////

28   ////

1

1    service on the last-served defendant,[1] as required under 28 U.S.C. § 1446(b).  ECF No. 1 at 2-3.

2    It has been more than thirty days since the notice of removal was filed and plaintiff has not sought

3    to remand the case to state court on any grounds.  See 28 U.S.C. § 1447(c) ("A motion to remand

4    the case on the basis of any defect other than lack of subject matter jurisdiction must be made

5    within 30 days after the filing of the notice of removal under section 1446(a).").  Thus, plaintiff

6    has waived any defect in removal, and removal appears proper.  See Vasquez v. N. Cnty. Transit

7    Dist., 292 F.3d 1049, 1060 n.5 (9th Cir. 2002) (failure to file timely motion to remand waived any

8    defect based on failure to join all defendants in notice of removal).  Defendants' request for

9    screening of the complaint will be granted, and the court will proceed to screen the complaint.

10          II.      Complaint

11                    A.  Statutory Screening of Prisoner Complaints

12          The court is required to screen complaints brought by prisoners seeking relief against "a

13   governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).

14   The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

15   "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]

16   monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

17          A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

18   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

19   Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal

20   theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639,

21   640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as

22   stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a

23   constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.

24   Franklin, 745 F.2d at 1227-28 (citations omitted).

25   ////

26   _____

27   [1] Defendants maintain that defendant California Department of Corrections and Rehabilitations
     has not been properly served.  ECF No. 1 at 3.  The complaint also names as defendants the
     Office of Correctional Safety and Office of Appeals (ECF No. 1-2 at 2), but there is no indication

28   that either entity has been served.

1    "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

2    claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

3    what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550

4    U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

5    "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context

6    of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman,

7    680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure

8    to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a

9    cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the

10   speculative level." Twombly, 550 U.S. at 555 (citations omitted).  "[T]he pleading must contain

11   something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

12   cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

13   R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

14           "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

15   relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

16   Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual

17   content that allows the court to draw the reasonable inference that the defendant is liable for the

18   misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this

19   standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.

20   Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the

21   pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,

22   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

23           B.  Plaintiff's Allegations

24           The complaint alleges that defendants Lynch, Collinsworth, California Department of

25   Corrections (CDCR), Office of Appeals (OA), and Office of Correctional Safety (OSC) violated

26   plaintiff's rights under the First, Eighth, and Fourteenth Amendments and state tort law.  ECF No.

27   1-2.  Plaintiff contends that defendants Lynch and Collinsworth have refused to address his safety

28   concerns despite specific evidence of enemy threats, including being assaulted on four occasions,

3

1  leaving plaintiff exposed to his enemies.  ECF No. 1-2 at 4-5.  He further alleges that Lynch and

2  Collinsworth, along with OCS, have refused to let him take a polygraph because it would

3  substantiate his claims and require them to address his concerns.  Id.  Lynch and Collinsworth are

4  additionally alleged to have set up and witnessed one of the assaults ,and told plaintiff they would

5  have him transferred to a prison where his known enemies are housed so that he will be killed and

6  not be able to file any more grievances.  Id.  Defendant OA denied plaintiff's grievances

7  requesting a polygraph test, thereby assisting Lynch, Collinsworth, and the CDCR in denying

8  plaintiff a way to substantiate his claims.  Id. at 4.

9              C.  Claims for Which a Response Will Be Required

10                  1.  Failure to Protect and Negligence

11        Plaintiff's allegations that defendants Lynch and Collinsworth are aware of and have

12  failed to address serious threats to plaintiff's safety and coordinated an attack on plaintiff are

13  sufficient to state cognizable claims for failure to protect under the Eighth Amendment and

14  negligence under state tort law.  See Farmer v. Brennan, 511 U.S. 825, 833 (1994) ("prison

15  officials have a duty . . . to protect prisoners from violence at the hands of other prisoners"

16  (alteration in original) (citation omitted)); Mendoza v. City of Los Angeles, 66 Cal. App. 4th

17  1333, 1339 (1998) (elements of negligence are duty to use reasonable care, breach of duty, and

18  breach is the proximate cause of plaintiff's injury); Giraldo v. Cal. Dep't of Corr. & Rehab., 168

19  Cal. App. 4th 231, 252 (2008) ("jailers owe prisoners a duty of care to protect them from

20  foreseeable harm").  These defendants will therefore be required to respond.

21                  2.  Retaliation

22        The allegation that defendants Lynch and Collinsworth threatened to transfer plaintiff to a

23  prison where they knew he would be assaulted to stop him from filing grievances is sufficient to

24  support a claim of retaliation and will therefore require a response from defendants Lynch and

25  Collinsworth.  See Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (retaliation claim

26  must include allegation that defendant took adverse action against plaintiff because of his

27  protected conduct and that the action chilled plaintiff's exercise of First Amendment rights and

28  lacked legitimate correctional goal); Brodheim v. Cry, 584 F.3d 1262, 1270 (9th Cir. 2009)

1    ("mere *threat* of harm can be an adverse action, regardless of whether it is carried out" (emphasis

2    in original)).

3    　　　　D.  Failure to State a Claim

4    　　　　　　1.  Grievances

5    　　　　To the extent plaintiff alleges that his due process rights were violated simply by the

6    denial of his appeal, he fails to state a claim both because he fails to identify the individual

7    responsible for denying his appeal and because "inmates lack a separate constitutional entitlement

8    to a specific prison grievance procedure."  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003)

9    (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  Accordingly, the prison grievance

10   procedure does not confer any substantive constitutional rights upon inmates and actions in

11   reviewing and denying inmate appeals generally do not serve as a basis for liability under section

12   1983.  Id.; George v. Smith, 507 F.3d 605, 609 (7th Cir.2007) ("Ruling against a prisoner on an

13   administrative complaint does not cause or contribute to the violation.").

14   　　　　　　2.  Public Entity Defendants

15   　　　　Plaintiff's § 1983 claims against the CDCR, OA, and OCS are barred by sovereign

16   immunity because these entities are arms of the state.  See Howlett v. Rose, 496 U.S. 356, 365

17   (1990) (the state and arms of the state "are not subject to suit under § 1983" (citing Will v. Mich.

18   Dep't of State Police, 491 U.S. 58 (1989))).  Furthermore, under California Government Code

19   § 844.6, "a public entity is not liable for . . . [a]n injury to any prisoner" except in a limited

20   number of specifically enumerated circumstances not present here.  Cal. Gov't Code

21   § 844.6(a)(2). The definition of prisoner includes inmates of a prison, Cal. Gov't Code § 844, and

22   public entities include the state and its agencies, Cal. Gov't Code § 811.2.  These entities are

23   therefore immune to plaintiff's negligence claims.

24   　　　　E.  No Leave to Amend

25   　　　　Leave to amend should be granted if it appears possible that the defects in the complaint

26   could be corrected, especially if a plaintiff is pro se.  Lopez v. Smith, 203 F.3d 1122, 1130-31

27   (9th Cir. 2000) (en banc).  However, if, after careful consideration, it is clear that a complaint

28   ////

1    cannot be cured by amendment, the court may dismiss without leave to amend.  Cato v. United

2    States, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

3         The undersigned finds that, as set forth above, the complaint fails to state claims for relief

4    based on the denial of plaintiff's grievances or against defendants CDCR, OA, and OCS.  Given

5    the nature of the claims and the immunity of the defendants, amendment would be futile.  These

6    claims and defendants should therefore be dismissed without leave to amend.

7         III.    Plain Language Summary of this Order for a Pro Se Litigant

8              Some of the allegations in the complaint state claims against the defendants and some do

9    not.  You have stated claims against defendants Lynch and Collinsworth for failure to protect,

10   negligence, and retaliation.  You have not stated any claims based on the denial of your grievance

11   or against defendants CDCR, OA, and OSC.  Because these defendants are immune and denial of

12   a grievance does not provide a basis for relief, it is being recommended that these defendants and

13   any claim for denial of your grievance be dismissed without leave to amend.

14                                    CONCLUSION

15        In accordance with the above, IT IS HEREBY ORDERED that:

16        1.   Defendants' request for screening (ECF No. 3) is GRANTED;

17        2.   The allegations of the complaint state claims for failure to protect, negligence, and

18   retaliation against defendants Lynch and Collinsworth.  By separate order, this case will be

19   referred to Post-Screening Early ADR (Alternative Dispute Resolution).

20             IT IS FURTHER RECOMMENDED that plaintiff's due process claim and defendants

21   California Department of Corrections and Rehabilitation, Office of Appeals, and Office of

22   Correctional Safety be dismissed without leave to amend.

23        These findings and recommendations are submitted to the United States District Judge

24   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

25   after being served with these findings and recommendations, plaintiff may file written objections

26   with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings

27   and Recommendations."  Plaintiff is advised that failure to file objections within the specified

28   ////

6

1  time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153

2  (9th Cir. 1991).

3  DATED: April 29, 2024

4  _____
   ALLISON CLAIRE

5  UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28